

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRANE CONSULTING COMPANY, LLC | : | CASE NO. |
| Plaintiff, | : | |
| vs. | : | 3-01-CV-1954 (MRK) |
| TALK RADIO NETWORK, INC. | : | |
| Defendant. | : | JANUARY 27, 2004 |

### DEFENDANT TALK RADIO NETWORK, INC.'S
### SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

1. In various relationships between two or more parties, the law imposes liability upon one party for the acts of another. Thus, where an agency is established, the master is liable for the acts of the servant or agent committed within the scope of his employment. In this case it is claimed by the Defendant that Stuart Krane was acting as the agent, servant and employee of Krane Consulting Company, LLC, and also that Krane Consulting Company, LLC was acting as the agent of Stuart Krane.

>Wright, FitzGerald & Ankerman, Connecticut Law of Torts (3rd Ed.) §63.

>Wright & Ankerman, Connecticut Jury Instructions (Civil) 4th Edition, Volume 1, §21a.

2. The relation of principal and agent need not arise from express appointment and acceptance, but may be established by the conduct of the parties.

>Kurtz vs. Farrington, 104 Conn. 257 (1926).

>Wright & Ankerman, Connecticut Jury Instructions (Civil)
>4th Edition, Volume 1, §21b.

3. Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.

>Wright & Ankerman, Connecticut Jury Instructions (Civil)
>4th Edition, Volume 1, §21b.

4. The one for whom action is to be taken is the principal. The one who is to act is the agent. An essential factor in an agency relationship is the right of the principal to direct and control the performance of the works by the agent.

>Wright & Ankerman, Connecticut Jury Instructions (Civil)
>4th Edition, Volume 1, §21e.

5. Agency means this: that the agent or servant is doing something for the benefit or furthering the purposes of another party. It need not be a hired agent or servant on a salary or on

a definite contract. It is a question of whether what the agent or servant does has some material relationship to the business, or is done for the benefit of the other party.

>Wright & Ankerman, <u>Connecticut Jury Instructions</u> (Civil)
>4th Edition, Volume 1, §21e.

6. An agent is a person who, by agreement with another, called the principal, represents the principal in dealings with third persons or transacts some other business, manages some affair, or does some service for the principal, with our without compensation. The agreement may be oral, written, express, or implied.

>Wright & Ankerman, <u>Connecticut Jury Instructions</u> (Civil)
>4th Edition, Volume 1, §21g.

7. Whether or not a principal is bound by the acts of his agent, when dealing with a third person who does not know the extent of his authority, depends not so much on the actual authority given or intended to be given by the principal, as upon the question: what did such person, dealing with the agent, believe and have a right to believe as to the agent's authority, from the acts of the principal?

>Wright & Ankerman, <u>Connecticut Jury Instructions</u> (Civil)
>4th Edition, Volume 1, §22b.

8. The alter ego theory is applicable in contract actions as well as in tort actions. Once the fact of alter ego is established it furnishes a means for a complainant to reach a second corporation or entity upon a cause of action that otherwise would have existed only against the first corporation or entity.

See, for example, <u>Leonardis v. Subway Sandwich Shop, Inc.</u>, 35 Conn. App. 353 (1994).

1 <u>W. Fletcher Cyclopedia of the Law of Private Corporations</u> (1990) §41.28.

        Respectfully submitted,

        THE DEFENDANT/COUNTERCLAIM
        PLAINTIFF,
        TALK RADIO NETWORK, INC.

        By _____
        Dennis M. Laccavole, Esq.
        Fed. Bar No.: CT-05361
        Warren F. Sasso, Esq.
        Fed. Bar No.: CT-18128
        Goldstein and Peck, P.C.
        1087 Broad Street
        Bridgeport, CT 06604
        (203) 334-9421
        Attorneys for Defendant

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed by Express U.S. mail, postage prepaid, on January 27, 2004 to all counsel and pro se parties of record as follows:

Charles T. Bistany, Esq.
399 Knollwood Road, Suite 311
White Plains, New York 10603-1916

　　　　　　　　　　　　　　　　　　　　　　　Dennis M. Laccavole, Esq.
　　　　　　　　　　　　　　　　　　　　　　　Warren F. Sasso, Esq.

wp60\Pleadings\Jury Instructions\Krane Supplemental

5