UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRANE CONSULTING COMPANY, LLC | : | CASE NO. |
| Plaintiff, | : | |
| | : | 3-01-CV1954 (MRK) |
| vs. | : | |
| TALK RADIO NETWORK, INC. | : | |
| Defendant. | : | FEBRUARY 2, 2004 |

## MOTION IN LIMINE

The undersigned Defendant respectfully requests the Court at this time to grant its Motion in Limine and issue a Protective Order for the reasons set forth below.

1. **TIMING OF MOTION.**

The undersigned counsel respectfully represents that the Defendant brought to his attention subsequent to the last trial preparation conference which took place in U.S. District Court on January 22, 2004, that an issue could arise in the trial which would prejudice the Defendant's ongoing business relationship with the radio personality known as Michael Savage, who is contractually bound to this Defendant.

2. **FACTUAL BACKGROUND.**

The Defendant, Talk Radio Network, Inc., is a syndicator of national talk radio shows. The Defendant owns such shows and makes them available to radio stations. In connection with ownership of the show, Defendant enters into contract with the radio personalities. One such personality whose name will be central to this litigation is Michael Savage.

The Defendant has been informed that Clear Channel Communications and/or Premiere Radio Networks are in direct contact with Michael Savage in direct violation of the Defendant Talk Radio Network, Inc.'s contractual rights. Talk Radio Network, Inc. has retained counsel and notified those entities of this violation and are prepared to institute litigation if necessary to protect its contractual rights with Mr. Savage. The dispute is a continuing one.

The Defendant is subject to extreme prejudice should the present contractual arrangement and present contractual terms between itself and Mr. Savage be aired in the public forum of this Court. Should that occur, the confidentiality which Talk Radio Network, Inc. is striving to maintain with regard to its contractual terms with Mr. Savage will become a matter of public record, and the above-referenced entities which are, upon information and belief, attempting to elicit that information will thus be able to argue that they did not wrongfully appropriate the confidential information as the information will have become public record.

The Plaintiff should not be allowed to use this litigation as a vehicle for obtaining privileged information and sensitive trade information which may in turn be channeled to Defendant's competitors, Clear Channel Communications and/or Premiere Radio Networks, when such information is not relevant to this dispute or to any issue that bears upon either liability or damages.

Wherefore, the undersigned Defendant respectfully requests a Protective Order issue limiting Plaintiff's right to inquire into this area.

                                        THE DEFENDANT
                                        TALK RADIO NETWORK, INC.

                                        By_____
                                        DENNIS M. LACCAVOLE, ESQ.
                                        (ct 05361)
                                        GOLDSTEIN AND PECK, P.C.
                                        1087 Broad Street
                                        P.O. Box 1538
                                        Bridgeport, CT 06601-1538
                                        (203) 334-9421

## CERTIFICATION

I hereby certify that a copy of the foregoing was faxed (914) 285-9769 and mailed by first class U.S. mail, postage prepaid, on February 2, 2004, to all counsel and pro se parties of record as follows:

Charles T. Bistany, Esq.
399 Knollwood Road, Suite 311
White Plains, NY 10603-1916

                                                          Dennis M. Laccavole

wp60\Pleadings\Limine\Krane Consulting