UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRANE CONSULTING COMPANY, LLC | : | CASE NO. |
| Plaintiff, | : | |
| | : | 3:01cv1954 (MRK) |
| vs. | : | |
| TALK RADIO NETWORK, INC. | : | |
| Defendant. | : | FEBRUARY 3, 2004 |

### TALK RADIO NETWORK, INC.'S PROPOSED JURY INSTRUCTIONS

1. One who has been induced to enter into an agreement by the fraudulent representations of another has, under certain conditions, a right to terminate it, or, as we lawyers say, to rescind it; and if he does so, he cannot be held liable on the agreement. To effectively rescind the agreement that is the subject of this lawsuit Talk Radio Network, Inc. (hereinafter referred to as "Talk Radio"), must show:

That Talk Radio informed the plaintiff of the fact with reasonable promptness after it discovered that the plaintiff was still employed by Premiere Radio Networks, and, second, that Talk Radio returned or offered to return to the plaintiff any property or money that it had received under the agreement. Notice to the plaintiff that Talk Radio was rescinding the

1

agreement need not have been definitely expressed in words; it is enough if the words or conduct of Talk Radio or its agents, or both taken together were such as would give notice to the plaintiff as a reasonable person of such a recission.

**Wright & Ankerman, Connecticut Jury Instructions (Civil) (4th Ed.) § 344.**

2. This is an action for fraud, and the defendant is seeking to recover damages for fraudulent representations which he claims the plaintiff made to him, and which induced it to enter into a transaction with the plaintiff to which he would not become a party, or at least would not have become a party to it upon the terms actually agreed upon. It becomes my duty to explain to you what the defendant must prove in order to be entitled to recover damages in this case. I propose first to state to you in somewhat general terms the elements which, as applied to this case, are necessary to make up a cause of action for fraudulent representations, and later I shall comment in more detail upon the particular elements. The essential elements of this action may be listed as follows: First, there must have been a representation of an existing fact; Secondly, the representation must have been untrue, and either known by the plaintiff to be untrue or made without belief in its truth or in careless disregard as to whether it was true or false; Thirdly, it must have been made for the purpose of inducing the defendant to act upon it;

2

and Fourth, the defendant must have been in fact induced by such representation to enter into the agreement which he made.

> **Helming v. Kashak**, 122 Conn. 641, 642, 643 (1936); **Lowe v. Kohn**, 128 Conn. 45, 50 (1941); **Paiva v. Vanech Heights Construction Co.**, 159 Conn. 511, 515 (1970).
>
> **Wright & Ankerman, Connecticut Jury Instructions (Civil) (4th Ed.) § 340(a).**

3. A further element which the defendant must prove is that any representation made by the plaintiff did in fact induce the defendant to enter into the transaction in question.

> **Jacques v. Roy**, 144 Conn. 737 (1956).

4. The representation need not have been the sole reason why the defendant entered into the contract; it is enough if it was a material factor in inducing it to do so.

> **Taylor v. Lounsbury-Soule Co.**, 106 Conn. 41, 51 (1927).

5. If the defendant did rely upon the truth of the representation, and if that reliance materially contributed to his entering into the transaction, this necessary element is established. In this connection, I should say to you that the defendant was under no obligation to investigate the truth of any representation made to him by the plaintiff, but he could accept it at its face value.

3

**White v. Miller, 111 Conn. 53, 57 (1930).**

6. In an action for fraudulent representations, thereby inducing a person to suffer losses, such as the defendant alleges in this action, I charge you that the defendant is "neither required to allege the representations upon which he relied, in precisely the language in which they were made, nor to prove them precisely as alleged. It is enough to allege and prove the substance and material parts of the representations sufficient to sustain such an action. Representations differing from but tending to prove those alleged, may be shown; and to enable the court or jury to understand the meaning of the statements made by the plaintiff, and relied upon as proving the alleged representations, the defendant may often properly be permitted to prove the entire conversation in which statements occur, even those representations materially different from those alleged are thereby shown."

**Wright & Ankerman, Connecticut Jury Instructions (Civil) (4th Ed.) § 345.**

7. If you find that Mr. Krane did make misrepresentations, if you find that these misrepresentations were made to induce the defendant to enter into an agreement, and if you also find that the defendant did rely on this representation, then you must find for the defendant to recover monies previously paid to Mr. Krane. This would be true even if a valid contract had originally been entered into by the plaintiff.

4

>   **Presta v. Monnier, 145 Conn. 694, 700 (1958). See also Kavarco v. T. J. E., Inc., 2 Conn. App. 294 (1984).**
>
>   **Wright & Ankerman, Connecticut Jury Instructions (Civil) (4th Ed.) § 160b.**
>
>   **See also Wright, FitzGerald and Ankerman, Conn. Law of Torts (3rd Ed.) § 135.**

8. If Talk Radio has proved to you by a fair preponderance of the evidence that it did terminate or rescind the contract by complying with these conditions, you cannot properly render a verdict for the plaintiff. Insofar as the fraud of the plaintiff has resulted in a loss to Talk Radio, Talk Radio is entitled to recover for that loss.

>   **Wright & Ankerman, Connecticut Jury Instructions (Civil) (4th Ed.) § 344.**

9. Talk Radio has introduced evidence to the effect that Mr. Krane acting as the agent of the plaintiff, Krane Consulting Company, LLC, represented that the plaintiff was no longer doing business with or employed by Premiere Radio Networks, a competitor of Talk Radio. Talk Radio has further presented evidence that it was as a result of these representations that Talk Radio was induced to enter into the agreement. If you find that Mr. Krane, did make these representations, that these representations were made to induce Talk Radio to enter into the agreement, and if you also find that Talk Radio did rely on these representations, then you must find in favor of Talk Radio and against the plaintiff.

**Wright & Ankerman, Connecticut Jury Instructions (Civil) (4th Ed.) § 160.**

10. A contract is an agreement by which a person undertakes to do or not to do a particular thing, a bilateral contract is a contract made involving promises on both sides. A bilateral contract is a transaction in which each party is under obligation to the other and acquires a right to what is promised by the other. In the normal case, of course, two people make a promise to each other and each one has the right to have the other keep that promise. In other words, the contract requires assent or agreement between the parties. All true contracts grow out of the negotiations and intention of the parties of the transaction and are directed by their mutual and accordant wills.

**Wright & Ankerman, Connecticut Jury Instructions (Civil) (4th Ed.) § 150.**

11. In order to find a binding contract, there must be mutual assent or a meeting of the minds at the time the contract was formed. In order for there to be a meeting of the minds, the parties must agree that they have entered into a contract and must have an identical understanding as to its essential terms.

> **Bridgeport Pipe Engineering Company v. DeMatteo Construction Company**, 159 Conn. 242, 249 (1970); **Hoffman v. Fidelity and Casualty Company**, 125 Conn. 440, 443, 444 (1939).

6

12. To determine the intent of the parties, you may interpret the contract language in light of the situation of the parties and the circumstances surrounding the making of the contract. You also may consider the motives of the parties and the ends that they sought to accomplish by their contract. However, the circumstances surrounding the making of a contract, the purposes that the parties sought to accomplish and their motives, cannot prove an intent contrary to the plain meaning of the language.

>   **United Technologies Corp. v. Groppo**, 238 Conn. 761, 772-773 (1996); **Zullo v. Smith**, 179 Conn. 596, 601 (1980); **Fairfield v. D'Addario**, 149 Conn. 358, 362 (1962); **Colonial Discount Company v. Avon Motors Inc.**, 137 Conn. 196, 200 (1950).

13. The question of contract performance and the reasonableness of efforts to satisfy a contractual condition is external, not subjective; that is to say, the question is "how would a person of reasonable prudence in such a situation have performed", not how did the party in fact perform.

>   **Aubin v. Miller**, 64 Conn. App. 781 (2001).

14. Therefore, if you find Mr. Krane did not fulfill the duties imposed on his company but the contract in the manner in which a person of reasonable prudence would have done, you will find that he breached his obligations and cannot recover from Talk Radio Network.

>   **Aubin v. Miller**, 64 Conn. App. 781 (2001).

7

THE DEFENDANT,
TALK RADIO NETWORK, INC.

By_____
Dennis M. Laccavole, Esq.
Fed. Bar No.: CT-05361
Warren F. Sasso, Esq.
Fed. Bar No.: CT-18128
Goldstein and Peck, P.C.
1087 Broad Street
Bridgeport, CT 06604
(203) 334-9421
Attorneys for Defendant

8

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed by first class U.S. mail, postage prepaid, on February 3, 2004 to all counsel and pro se parties of record as follows:

Charles T. Bistany, Esq.
399 Knollwood Road, Suite 311
White Plains, New York 10603-1916

                                                    Dennis M. Laccavole, Esq.
                                                    Warren F. Sasso, Esq.

rc\wp60\Pleadings\Jury Instructions\Krane Consulting