2004 FEB -5 P 4: 38

U.S. DISTRICT COURT
NEW HAVEN CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRANE CONSULTING COMPANY, LLC | : | CASE NO. |
| Plaintiff, | : | |
| | : | 3:01cv1954 (MRK) |
| vs. | : | |
| | : | |
| TALK RADIO NETWORK, INC. | : | |
| | : | |
| Defendant. | : | FEBRUARY 5, 2004 |

## DEFENDANT'S SECOND SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

1. **MITIGATION**

    Even if you find that the Defendant breached the contract, the Plaintiff was still under a duty to keep damages as low as he reasonably could, without disregarding his own interests or placing those of the Defendant above his own, or without sacrificing any substantial right he had.

    > See Wright and Ankerman, Connecticut Jury Instructions (Civil) (4th Ed.) Vol. 1 §223(c).

2. **TERMINATION OF THE CONTRACT**

    The contract placed into evidence provides, inter alia, that the Defendant, Talk Radio Network, Inc. had a right to terminate the contract ". . . due to a failure or refusal of KCC [Krane] to provide the services of [Stuart Krane] to be provided by KCC under this agreement . . ..

1

If you find that the Plaintiff failed or refused to provide services, and was therefore terminated by the Defendant pursuant to that clause, then you will find for the Defendant on Plaintiff's complaint.

3.  **UNCLEAN HANDS**

[This is an equitable doctrine. Based upon a review of Plaintiff's claims, it does not appear as if he is pursuing any claims for equitable relief. In any event, the doctrine is to be employed by the court and not the jury].

**Cohen v. Cohen, 182 Conn. 193 (1980).**

4.  **FRAUD DAMAGES**

Unlike the other elements of fraud, damages need only be proven by a preponderance of the evidence.

**Litchfield Asset Management Corp. v. Howell, 70 Conn. App. 133 cert. den'd. 261 Conn. 911 (2002).**

5.  **FRAUD DAMAGES**

Generally, damages recoverable in an action for fraud for false representations are the material and necessary damages flowing from the fraud.

**Commonwealth Fuel Co. v. McNeil, 130 Conn. 390 (1925).**

2

6. **CONSEQUENTIAL DAMAGES**

Consequential damages for fraudulent misrepresentations must be the direct and proximate result of the misrepresentations. Those results are proximate "which are presumed to have been within the contemplation of the [speaker] as the probable consequence of his fraudulent representations."

>   **Applied Data Processing v. Burroughs Corp.**, 394 F. Supp. 504 (D.Conn. 1975).

7.   Non-performance of a written contract for services may warrant recission of the contract.

>   **Makey v. Lathrop**, 91 Conn. 348 (1915).

8.   Recission is a proper remedy for failure to do that which is basic to the contractual obligations of the party to the contract.

>   **Silliman Co. v. S. Ippolito & Sons, Inc.**. 1 Conn. App. 72 cert. den'd; 192 Conn. 801 (1983).

9.   Even if Talk Radio Network, Inc. has not sustained a pecuniary loss by virtue of Krane's alleged fraud, they may still seek to rescind the contract and incur no further liability to Krane.

>   See **Kavarco US T.J.E. Inc.**, 2 Conn. App. 294 (1984).

3

10.  **DISGORGEMENT**

One who has been induced by false representations to pay out money may recover at least the amount so paid, with interest.

**Wittstein v. Keenan, 17 Conn. Supp. 163 (1951);**

**Restatement of the Law (Restitution) §150.**

11.  **DAMAGES**

One element of damages claimed by Talk Radio Network, Inc. in its counterclaim is a return of the compensation paid to Mr. Krane under the contract, approximately $203,125.00.

THE DEFENDANT,
TALK RADIO NETWORK, INC.

By /s/
Dennis M. Laccavole, Esq.
Fed. Bar No.: CT-05361
Goldstein and Peck, P.C.
1087 Broad Street
Bridgeport, CT 06604
(203) 334-9421
Attorneys for Defendant

4

## CERTIFICATION

I hereby certify that the original of the foregoing was **hand-delivered** on February 5, 2004 to:

United States District Court
District of Connecticut
Office of the Clerk
141 Church Street, 2nd Floor
New Haven, CT 06510

with a Chambers' copy to:

Honorable Mark R. Kravitz
United States District Court
District of Connecticut
141 Church Street, 3rd Floor
New Haven, CT 06510

with a copy sent by facsimile and first class U.S. mail, postage prepaid, to all counsel and pro se parties of record as follows:

Charles T. Bistany, Esq.
399 Knollwood Road, Suite 311
White Plains, New York 10603-1916

*fax (914) 285-9769*

Dennis M. Laccavole, Esq.

rc\wp60\Pleadings\Jury Instructions\Krane 2ND Suppl JI