UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRANE CONSULTING COMPANY, LLC | : | CASE NO. |
| Plaintiff, | : | |
| | : | 3:01cv1954 (MRK) |
| vs. | : | |
| TALK RADIO NETWORK, INC. | : | |
| Defendant. | : | FEBRUARY 5, 2004 |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S REVISED PROPOSED JURY INSTRUCTIONS DATED JANUARY 27, 2004

The undersigned Defendant hereby pursuant to the Order of Judge Kravitz submits its statement of agreement or disagreement with Plaintiff's Revised Proposed Jury Instructions dated January 27, 2004. (Plaintiff's Revised Proposed Jury Instructions are identical to those submitted on September 15, 2003 with the exception of the additional Proposed Jury Instructions under paragraph 10(a) to 10(d) inclusive.)

1. Agree with paragraph 1.

2. Agree with paragraph 2.

3. Agree with paragraph 3.

1

4. Agree with paragraph 4.

5. Agree with paragraph 5.

6. Disagree. Defendant's position is that this charge is simplistic in light of the issues in this case. Moreover, the last sentence can be read as a statement that Plaintiff has sustained damages merely by virtue of the breach, whereas the correct statement of the law would be that Plaintiff must prove a breach <u>and</u> prove damages, since damages are obviously part of Plaintiff's prima facie case and are not "presumed" because of the breach.

7. Agree in principle. In fact, Defendant has submitted a similar charge. Upon reflection, however, Defendant could not have returned "property or money" received under this contract, since the only consideration passing from Krane to Talk Radio Network, Inc. was personal services. Hence, that language should be deleted from the charge.

8. Disagree. The charge should encompass the language in <u>Wright and Ankerman</u>, Conn. Jury Instructions (Civil) (4th Ed.) §345 which reads as follows:

> In an action for fraudulent representations, thereby inducing a person to suffer losses, such as the plaintiff alleges in this action, I charge you that the plaintiff is "neither required to allege the representations upon which he relied, in precisely the language in which they were made, nor to prove them precisely as alleged. It is enough to allege and prove the substance and material parts of the representations sufficient to sustain such an action. Representations differing from but tending to prove those alleged, may be shown; and to enable the court or

2

jury to understand the meaning of the statements made by the defendant, and relied upon as proving the alleged representations, the plaintiff may often properly be permitted to prove the entire conversation in which statements occur, even though representations materially different from those alleged are thereby shown." Shelton v. Healey, 74 Conn. 265, 270, 271 (1901); Kilduff v. Adams, Inc., 219 Conn. 314 (1991).

**See also Wright, FitzGerald and Ankerman, Conn. Law of Torts (3rd Ed.) §135.**

9. Agree, but see the following cases, where alternate language was used:

"clear and satisfactory evidence";

Gambardella v. Pentec, Inc., 218 F. Supp. 2nd 237;

Springfield Oil Services, Inc. v. Conlon, 77 Conn. App. 289 (2003).

10. Disagree. If the Defendant proves the defense of fraudulent inducement, then under the facts of this case the contract should be rescinded and the Defendant owes nothing further to the Plaintiff.

If the Defendant, in addition to proving fraudulent inducement, establishes the elements of fraudulent misrepresentation as affirmatively stated in its counterclaim, then the Defendant will be entitled to recover sums it has already paid to Plaintiff Krane, in effect requiring him to "disgorge" the benefits he received under the contract.

**See Wright and Ankerman, supra §160b;**

3

See Wright, FitzGerald and Ankerman, Conn. Law of Torts (3rd Ed.) §135.

                THE DEFENDANT,
                TALK RADIO NETWORK, INC.

                By_____
                Dennis M. Laccavole, Esq.
                Fed. Bar No.: CT-05361
                Goldstein and Peck, P.C.
                1087 Broad Street
                Bridgeport, CT 06604
                (203) 334-9421
                Attorneys for Defendant

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by facsimile and first class U.S. mail, postage prepaid, on February 5, 2004 to all counsel and pro se parties of record as follows:

Charles T. Bistany, Esq.
399 Knollwood Road, Suite 311
White Plains, New York 10603-1916

*fax (914) 285-9769*

with a Chambers' copy by facsimile only to:

Honorable Mark R. Kravitz
United States District Court
District of Connecticut
141 Church Street, 3rd Floor
New Haven, CT 06510

*fax (203) 773-2631*

Dennis M. Laccavole, Esq.

rc\wp60\Pleadings\Jury Instructions\Krane TRN Response Pl Rev JI

5