UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KRANE CONSULTING COMPANY, LLC : | Case No. |
| Plaintiff, : | 301CV1954 (MRK) |
| vs. : | |
| TALK RADIO NETWORK, INC. : | |
| Defendant. : | |

January 27, 2004

### KRANE CONSULTING CO., LLC'S REVISED PROPOSED JURY INSTRUCTIONS

1.  A contract is an agreement by which a person undertakes to do or not to do a particular thing, a bilateral contract is a contract made involving promises on both sides. A bilateral contract is a transaction in which each party is under obligations to the other and acquires a right to what is promised by the other. In the normal case, of course, two people make a promise to each other and each one has the right to have the other keep that promise. In other words, the contract requires assent or agreement between the parties. All true contracts grow out of the negotiations and intention of the parties of the transaction and are directed by their mutual and accordant wills.

   **Wright & Ankerman, Connecticut Jury Instructions (Civil) (4th Ed.) Sec. 150.**

2.  In order to find a binding contract, there must be mutual assent or a meeting of the minds at the time the contract was formed. In order for there to be a meeting of the minds, the parties must agree that they have entered into a contract and must have an identical understanding as to its essential terms.

   **Brigeport Pipe Engineering Company v. DeMatteo Construction Company, 159 Conn. 242, 249 (1970); Hoffman v. Fidelity and Casualty Company, 125 Conn. 440, 443, 444 (1939).**

3.  To determine the intent of the parties, you may interpret the contract language in light of the situation of the parties and the circumstances surrounding the making of the contract. You also may consider the motives of the parties and the ends that they sought to accomplish by their contract. However, the circumstances surrounding the making of a contract, the purposes that the parties sought to accomplish and their motives, cannot prove an intent contrary to the plain meaning of the language.

   **United Technologies Corp. v. Groppo, 238 Conn. 761, 772-773 (1996); Zullo v. Smith, 179 Conn. 596, 601 (1980); Fairfield v. D'Addario, 149 Conn. 358, 362 (1961); Colonial Discount Company v. Avon Motors Inc., 137 Conn. 196, 200 (1950).**

4. The question of contract performance and the reasonableness of efforts to satisfy a contractual condition is external, not subjective, that is to say, the question is "how would a person of reasonable prudence in such a situation have performed", not how did the party in fact perform.

**Aubin v. Miller, 64 Conn. App. 781 (2001).**

5. There is an implied covenant to every contract that the Plaintiff be permitted to proceed with his work in accordance with the terms of the contract and that Defendant should permit him to do so.

Where a party has been prevented from performing on the contract, it has an option to rescind that contract or to treat it as a breach of contract. To constitute prevention of performance, the conduct must be wrongful and in excess of legal rights. Plaintiff, in this case has treated Defendant's termination of the contract as a wrongful breach of contract.

**Wright & Ankerman Conn. Jury Instructions (Civil) (4th Ed.) Sec. 164**

6. If you conclude that Defendant, Talk Radio Network broke its agreement and wrongfully terminated that agreement without just cause, and in violation of its express terms, you must find that Defendant, TRN breached its obligations to Krane and that Krane has sustained monetary damage.

**Wright & Ankerman Conn. Jury Instructions (Civil) (4th Ed.) Sec. 223**

7. One who has been induced to enter into an agreement by the fraudulent representations of another has, under certain conditions, a right to terminate it, or, as we lawyers say, to rescind it, and if he does so, he cannot be held liable on the agreement. The conditions to be complied with by the Defendant, in order effectively to rescind, are first, that he informed the Plaintiff of the fact with reasonable promptness after discovering the fraud and, second, that he returned, or offered to return to the Plaintiff any property or money he had received under the agreement. Notice to the Plaintiff that the Defendant was rescinding the agreement need not have been definitely expressed in words, it is enough if the words or conduct of the Defendant or both taken together were such as would give notice to the plaintiff as a reasonable person of such a rescission notice to the Plaintiff as a reasonable person of such a rescission. Whether the Defendant in this case did let the Plaintiff know that he was rescinding the agreement with reasonable promptness is a question for you to decide upon all the facts you find proven. I can give you not definite test but must leave it to your own sound judgment.

**Wright & Ankerman Conn. Jury Instructions (Civil) (4th Ed.) Sec. 344**

8.  Fraud is not to be presumed but must be proved by clear and satisfactory evidence. To find that the Plaintiff has committed fraud, you must find that Plaintiff has committed each element of the alleged fraud, as I will outline to you in a moment, by a clear and convincing standard of proof. The Defendant has the burden of proving each and every element of the claimed fraud by clear and convincing evidence. The Plaintiff has no burden of proof. The burden of proof by clear and convincing evidence is sustained if the Defendant, by evidence, induces in your minds a reasonable belief that the facts asserted are highly probably true or exist and, also, that this reasonable belief is substantially greater than the probability that those facts are false or do not exist.

Therefore, if you find that the Defendant has proved each and every element of the claimed fraud by clear and convincing evidence, as I have defined it to you, then your verdict will be for the Defendant. On the other hand, if you find that the Defendant has not induced such a reasonable belief in your minds, then your verdict will be for the Plaintiff If, however, you find for the Plaintiff, then you must address and make an assessment of damages in Plaintiff's favor, against the Defendant.

**Wright & Ankerman Conn. Jury Instructions (Civil) (4th Ed.) 345(b)**

9.  If you find that the Defendant was induced to enter into the agreement by the fraud of the Plaintiff, but that the Defendant failed to rescind or terminate the contract within the conditions which I have explained to you, the Plaintiff would not be entitled to recover the whole amount specified in the contract. Insofar as the fraud of the Plaintiff has resulted in a loss to the Defendant, the Defendant is entitled to credit for that loss. The amount of that credit would be the difference between the actual value of the property and its value as represented. As applied to the situation before us, that means that the Plaintiff would not be entitled to recover the price specified in the contract, but only the actual value of the property which the Defendant has received under the terms of the agreement. So, if you find that the Plaintiff did induce the Defendant to enter into the agreement, but decide that the Defendant did not validly rescind or terminate the contract under the conditions I have stated, you will render a verdict for the Plaintiff to recover the actual value of the property the defendant has received under the terms of the agreement.

10 (a) If you conclude that the defendant broke his agreement with the plaintiff, it will then be necessary for you to determine the amount of damages the plaintiff should recover. He is entitled to fair compensation, and only fair compensation, for the breach of the contract. **Bernhard v. Rochester German Ins. Co.**, 79 Conn. 388, 398 (1906). A general principle of law is that whatever one person has committed a wrong against another, that other shall be awarded damages to the extent that he will be as well off as though the wrong has not been committed. This principle would ordinarily apply when there has been a breach of contract. **Leventhal v. Stratford**, 121 Conn. 290, 299 (1936); **Bernstein v. Nemeyer**, 213 Conn. 665 (1990); **Spera v. Audiotape Corp.**, 1 Conn. App. 629 (1984). The plaintiff is, however, only entitled to recover damages to the extent that his losses are the direct result of the defendant's breach of contract, and he cannot enhance his damages by anything he did or failed to do which was not directly attributable to that breach.

(b) The general principle of damages is subject to a qualification which you may find to be applicable in this case. The damages to be awarded to the plaintiff cannot go beyond those which you can fairly find to have been in the contemplation of the parties at the time they made the contract; **Valente v. Affinito,** 118 Conn. 581, 585 (1934). In other words, the plaintiff would be entitled to damages which the defendant as a reasonable person should have realized might result from that breach. As far as the damages claimed by the plaintiff followed naturally from the nature of the agreement, the purpose apparent in it and the obligations assumed by the defendant therein, there is no question but that the defendant must have contemplated them. **Cohn v. Norton,** 57 Conn. 480, 490, 491 (1989).

(c) In respect to the damages, as in respect to every other matter before you, you can award only such damages as are justified by the pleadings and the proof. That is, your findings as to damages must be within the allegations of the plaintiff's complaint, and it is incumbent upon the plaintiff to satisfy you by a fair preponderance of the evidence as to the extent and nature of the damages sustained as a result of defendant's breach of contract and the amount that it seeks to receive as damages.

(d) If you find defendant breached its agreement with plaintiff you must, award the plaintiff in your verdict, such a sum of money as will fairly compensate him from all such damages as you find were or should reasonably have been contemplated by the defendant as the natural result of his breach of the contract or as the result of any circumstances outside the scope of the agreement which were or should have been known to him, but not for any damage which resulted to the plaintiff from a failure on his part to take such steps to minimize his loss as a reasonable person should, in view of the considerations which I have pointed out to you.

**Wright & Ankerman, Connecticut Jury Instructions (Civil) (4th Ed.) Sec. 223-223.**

Dated: White Plains, New York
January 27, 2004

CHARLES T. BISTANY, ESQ.
Fed. Bar No. (CT12370)
Attorney for Plaintiff
399 Knollwood Road
White Plains, NY 10603
914 - 328-0068

4

## CERTIFICATION

    This is to certify that the foregoing Revised Proposed Jury Instructions were transmitted via FAX (203) 334-6949 and regular mail on this 27th day of January, 2004 to:

Dennis M. Laccavole
Goldstein and Peck, P.C.,
1087 Broad Street
Bridgeport, CT 06604

                                            CHARLES T. BISTANY, ESQ.